Emil LANGE, Plaintiff,

v.

COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 604–72.

United States District Court, District of Columbia.

Dec. 16, 1972.

Paul M. Craig, Jr., Washington, D.C., for plaintiff.

S. William Cochran, Solicitor, U. S. Patent Office, for defendant.

*Memorandum Opinion and Order*

McGUIRE, District Judge.

The Commissioner of Patents, the defendant in this civil action arising under 35 U.S.C. § 145, has filed objections to plaintiff's interrogatories and requests for admission by the defendant. They were filed August 16, 1972 and the objections on November 22, 1972.

Plaintiff seeks mostly information on matters pertaining exclusively to the internal management and operation of the Patent Office, and the qualification of its officers in a certain, specific, professional field.

Assuming *arguendo* permissibility of such requests, the Court finds such to be irrelevant in a proceeding under § 145. Specifically, and further, it suffices to say that any inquiry in the nature of a challenge to the scientific and professional qualifications of the Examiners-in-Chief cannot be entertained, since *a fortiori* they are "persons of competent legal knowledge and scientific ability" (35 U.S.C. § 7), who have been *"appointed by the President,* by and with the advice and *consent* of the Senate," (35 U.S.C. § 3) [emphasis supplied], and perform quasi-judicial functions, as do all other Examiners.[1]

Therefore, any attempted probing by way of interrogatories and requests for admission into their mental processes and expertise or the lack of it in the making of rulings or arriving at conclusions is not open as an avenue of discovery, since theirs, in the circumstances, as has been stated, is an adjudicatory function.[2] Since this is a proceeding *de novo,* the Court is concerned only with the findings and conclusions of the Patent Office and any new evidence which may be presented at the trial of the cause. The objections, therefore, to interrogatories and requests for admission, in the circumstances, are sustained, and this memorandum may be regarded as an order to that effect.

---

1. Compagnie de Saint-Gobain v. Brenner, 128 U.S.App.D.C. 223, 386 F.2d 985 (1967).

2. United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).