**In re Ole K. NILSSEN.**

**Appeal No. 88–1240.**

United States Court of Appeals, Federal Circuit.

July 13, 1988.

Ole K. Nilssen, Barrington, Ill., pro se.

John C. Martin, Associate Sol., Office of the Sol., Arlington, Va., for appellee. With him on the brief was Fred E. McKelvey, Sol.

Before NIES, ARCHER and MICHEL, Circuit Judges.

NIES, Circuit Judge.

Ole K. Nilssen appeals from the final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences in which the board, pur-

suant to its authority under 37 C.F.R. § 1.196(b) (1987), rejected claims 1–4, 9–11, and 16 of Nilssen's patent application Serial No. 476,150 under 35 U.S.C. § 103 (1982 & Supp. IV 1986) as unpatentable for obviousness. We affirm.

### Background

Nilssen describes the invention of the instant appeal as a "means by which the self-oscillating inverter in a power-line-operated inverter-type fluorescent lamp ballast is disabled in case the output current from the inverter exceeds some pre-established threshold level for more than a very brief period." Claim 16 which appellant asserts concisely describes his invention reads as follows:

> In an inverter operable to convert a DC voltage to an AC voltage and to provide said AC voltage at a power output, said inverter being of a type that is self-oscillating but which must be triggered into oscillation, the improvement comprising:
>
> control means operable, upon application thereto of an actuation signal, to stop said inverter from oscillating;
>
> current sensor connected in circuit with said power output and responsive to the output current flowing therefrom, said current sensor being operative to provide a sensor output signal with a magnitude that is substantially in proportion to the magnitude of said output current; and
>
> threshold means connected in circuit between said current sensor and said control means, said threshold means being operative, whenever the magnitude of said sensor output signal reaches a pre-determined level, to provide said actuation signal to said control means, thereby stopping inverter oscillation and removing the AC voltage from said output terminals.

Nilssen challenges the board's holding that his invention would have been obvious

to one of ordinary skill in the art from the combined teachings of two prior art references, USSR Certificate No. 729,738, and U.S. Patent No. 3,305,793 issued to Kammiller. Both procedural and substantive objections are raised.

As an initial matter we address Nilssen's collateral attacks on the board's decision to lay them to rest once and for all.[1]

### Procedural Objection

Nilssen attacks the competency of the members of the board to render a decision on the patentability of his claimed invention. He argues:

> [N]ot possessing ordinary skill in the art pertinent to the subject matter underlying the claimed invention, the Board is unqualified to render legally meaningful opinions related to what may or may not be obvious to a person who does possess ordinary skill in that art. This is so for the reason that the Board lacks the particular culture/literacy associated with that art; which therefore renders the Board incapable of properly comprehending/interpreting facts/circumstances/references/etc. associated with that art.

■ Nilssen's argument that the board's decision is invalid by reason of the members' lack of competency in the art relating to the claimed invention is rejected. The technical background and other professional qualifications of the particular Examiners–in–Chief are not legally relevant in an appeal to the board under 35 U.S.C. § 134 (1982), just as the technical qualifications of a judge are irrelevant in a section 141 appeal to the Federal Circuit or under section 145 to the District Court for the District of Columbia. A board member need not possess "ordinary skill" in a particular art area to be qualified to render a patentability determination on a claimed invention drawn to that art. The correctness of a board's decision depends on whether the

---

1. Nilssen has made similar arguments in at least two previous appeals. *See In re Nilssen,* 852 F.2d 1293 (Fed.Cir.1988); *In re Nilssen,* 847 F.2d 841 (Fed.Cir.1988). In view of this court's adverse ruling on these collateral issues, Nilssen is precluded from rearguing them in any future appeals filed before this court. Nilssen is hereby served notice that failure to comply with this court's directive may subject him to sanctions.

decision is supported by the record, not on the technical background of the Examiners-in-Chief who decided the appeal. *Accord Lange v. Commissioner of Patents,* 352 F.Supp. 116, 176 USPQ 162 (D.D.C.1972) (qualifications of lawfully appointed Examiners-in-Chief irrelevant in a section 145 proceeding), cited in *In re Harry,* 231 USPQ 984, 986 (Comm'r Pat.1986) (no basis for questioning the qualifications of lawfully appointed Examiners-in-Chief). *See also Compagnie de Saint–Gobain v. Brenner,* 386 F.2d 985, 987, 155 USPQ 417, 419 (D.C. Cir.1967) (examiner performs an administrative-adjudicatory function on the basis of the record before him; the issue on judicial review is whether his conclusions are supported by the record). The board's decision demonstrates that it understood the claimed invention and that it properly applied the legal standard of obviousness under section 103.

### Hypothetical Person of Ordinary Skill in the Art

■ Obviousness is determined in terms of the level of skill of a "person having ordinary skill in the art" "at the time the invention was made." 35 U.S.C. § 103 (1982 & Supp. IV 1986); *Graham v. John Deere Co.,* 383 U.S. 1, 17–18, 86 S.Ct. 684, 694, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966). Nilssen argues broadly that the characteristics attributed by the board to the hypothetical person of ordinary skill in the art are "manifestly absurd" and, thus, an improper interpretation of section 103.[2] Specifically, Nilssen asserts that "it would be in manifest conflict with reality to assume that such a person would be familiar with *all* prior art references pertaining to [a] given art." (Emphasis in original.)

The board attributes to the "hypothetical person" knowledge of all prior art in the field of the inventor's endeavor and of prior art solutions for a common problem even if outside that field. That view accords with the plethora of this court's precedent.

*See, e.g., In re Deminski,* 796 F.2d 436, 442, 230 USPQ 313, 315 (Fed.Cir.1986); *Standard Oil Co. v. American Cyanamid Co.,* 774 F.2d 448, 454, 227 USPQ 293, 297 (Fed.Cir.1985); *In re Wood,* 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979). The holdings in those cases do not conflict with section 103, but rather, set forth a pragmatic approach to applying the standard of patentability created by Congress.

Nilssen urges this court to establish a "reality-based" definition whereby, in effect, references may not be combined to formulate obviousness rejections absent an express suggestion in one prior art reference to look to another specific reference. We reject that recommendation as contrary to our precedent which holds that for the purpose of combining references, those references need not explicitly suggest combining teachings, much less specific references. *See, e.g., In re Sernaker,* 702 F.2d 989, 995, 217 USPQ 1, 6 (Fed.Cir.1983); *In re McLaughlin,* 443 F.2d 1392, 1395, 170 USPQ 209, 212 (CCPA 1971).

### Merits

■ We agree with the board's analysis that Nilssen's claimed invention would have been obvious from the USSR Certificate in view of Kammiller. The USSR reference describes a device for protecting an inverter circuit in an undisclosed manner via control means 13. Kammiller discloses a related circuit protection device. It teaches disabling the inverter in the event of a high-load current condition. The board correctly held that it would have been obvious to one of ordinary skill in the art to use the threshold signal produced in the USSR device to actuate a cutoff switch to render the inverter inoperative as taught by Kammiller.

Nilssen's main argument is that one of ordinary skill in the art would not have been led to Kammiller to implement the overload protection indicated in the USSR

---

**2.** Section 103 provides in pertinent part:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

certificate. Per Nilssen, it is understood that actuating element 13 operates on element 1 of the USSR device to control the magnitude of DC current provided to the inverter and, thus, one would not be motivated to search for other teachings to implement overload protection. We disagree for the same reasons expressed by the board. Although it might have been technically feasible to use actuating element 13 to protect the circuit in the manner envisioned by Nilssen, one of ordinary skill in the art would have been motivated to look to other relevant prior art teachings such as Kammiller to determine how to implement the actuating element.

Nilssen's other arguments addressing the content of the prior art and the differences between that art and the claimed invention fail to convince this court that the board's findings on those inquiries are clearly erroneous. *See Coleman v. Dines,* 754 F.2d 353, 356, 224 USPQ 857, 859 (Fed. Cir.1985). Therefore, the board's rejection of claims 1–4, 9–11, and 16 for obviousness under section 103 must be affirmed.

AFFIRMED.