883 F.2d 1026
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Richard E. JONES and Gisela T. Haringer.
 No. 89-1010.
 United States Court of Appeals, Federal Circuit.
 July 11, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), affirming the PTO's final rejection of claims 1-11 of application Serial No. 301,922, under 35 U.S.C. Sec. 103 (1982 & Supp.V 1987), is reversed.
 
 OPINION
 
 2
 The basis for reversal in this appeal may be simply expressed as the failure of the PTO to establish a prima facie case of obviousness with regard to any of the claims of the invention. See, e.g., In re Piasecki, 745 F.2d 1468, 1471-72, 223 USPQ 785, 787-88 (Fed.Cir.1984). Specifically, the PTO notes nothing in the references of record that would have suggested to one of ordinary skill in the art either the compound flunisolide hemihydrate, or the composition or method based on that compound, as claimed.
 
 
 3
 The PTO's obviousness rejection is based upon the teaching of a combination of references. It is clear, however, that such a combination is not suggested by the prior art of record, but rather, is derived from the applicants' own teachings. The PTO apparently arrived at its conclusion through hindsight of knowing the invention. Hindsight analysis is, however, improper in determining obviousness. In re Deminski, 796 F.2d 436, 443, 230 USPQ 313, 316 (Fed.Cir.1986).
 
 
 4
 The PTO's argument regarding inherency is likewise unpersuasive. Obviousness and inherency are different issues. "That which may be inherent is not necessarily known. Obviousness cannot be predicated on what is unknown." In re Spormann, 363 F.2d 444, 448, 150 USPQ 449, 452 (CCPA 1966).