884 F.2d 1398
 13 U.S.P.Q.2d 1064
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CREATIVE MANUFACTURING, INC., Plaintiff/Cross-Appellant,
v.
UNIK, INC., Defendant/Appellant.
 Nos. 89-1074, 89-1089.
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1989.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 These appeals are from a judgment entered on a jury verdict in the United States District Court for the Northern District of Texas. The jury's verdict was that (1) claims 1-3, 7-8, and 10-11 of Unik's U.S. Patent 4,052,944, entitled "Portable Shuffle Desk," were invalid because the invention was placed on sale more than one year before the application for patent was filed; (2) claim 9 was invalid because the claimed invention would have been obvious to one of ordinary skill at the time it was made; and (3) Unik acted in bad faith or with gross negligence in asserting that Creative infringed the patent. On JNOV, the district court upheld the verdict. In addition, the judge found that the case was "exceptional" within the meaning of the fee shifting statute, 35 USC 285, but he declined to award attorney fees to Creative. We affirm.
 
 OPINION
 
 2
 1. We decline to review Unik's arguments that prior federal and state court judgments bar Creative's claim that the patent is invalid. This court held in Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573, 230 USPQ 393, 399 (Fed.Cir.1986), cert. dismissed, 479 U.S. 1072 (1987), that "a denial of summary judgment is not properly reviewable on an appeal from the final judgment entered after trial." In Glaros, a party sought review of a trial court's decision on a motion for summary judgment that issues of fact remained to be tried with respect to the validity of a patent claim. This court refused to undertake that inquiry because a jury trial had been held subsequent to the denial of the motion and the only final judgment rendered on the validity of the claim was that entered on the jury's verdict. The present case is similar. Unik moved prior to trial for summary judgment that res judicata barred Creative's claims. The motion was denied. Unik's request for reconsideration and its request to certify the issue for interlocutory appeal suffered a similar fate. Unik then let the matter drop. No final determination on the question of res judicata was ever asked for or made. We decline to review Unik's arguments based on res judicata because, under Glaros, the denial of Unik's summary judgment motion is not properly reviewable on appeal from the final judgment.
 
 
 3
 2. We decline to consider Unik's assignor estoppel argument because it is a new argument raised for the first time on appeal.
 
 
 4
 3. We do not find persuasive Unik's argument that the evidence was "legally insufficient" to invalidate claims 1-3, 7-8, and 10-11 under 35 USC 102(b). Unik does not dispute that the inventor sold at least six lap desks embodying the invention of these claims more than one year prior to filing a patent application. Unik asserts, however, that since these sales were made to a close friend they "do not offend any of the policies behind Sec. 102(b) and do not justify the imposition of a bar to legitimate patent rights." We disagree. We have reviewed the evidence relating to sales prior to the critical date and, bearing in mind the policies underlying the statute, we think there was sufficient evidence to conclude that the invention of these claims was "on sale" within the meaning of the statute.
 
 
 5
 4. As to the invention of claim 9, sufficient evidence supports the conclusion that it would have been obvious at the time it was made. 35 USC 103.
 
 
 6
 The lap desks that were placed on sale more than one year before the application for patent was filed are prior art under Sec. 102(b) with respect to claim 9. Claim 9 reads:
 
 
 7
 9. The portable desk of claim 1, wherein said partially rigid sheet means has door like openings through which said granular material has been inserted prior to attachment of said sheet means to said desk surface means.
 
 
 8
 The specification and drawings help explain what this claim means. We reproduce below Figures 2-4 showing the partially rigid sheet means at 14 and the slits defining the door-like openings at 20 and 22, together with explanatory material drawn from the specification.
 
 
 9
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 10
 The portable desk 2 has a sheet of material 14 which is at least partially rigid and is corrugated, as indicated at 26, which sheet of material 14 forms a sub-cover for the lower pillow-like casing 10....
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 The sub-cover 14 has slits 20 and 22 formed therein, so that the portion 24 may be raised, as indicated in FIG. 4 in dot-dash outline, to enable the pillow-like casing 10 to be substantially filled with a flowable, granular material, such as indicated at 12 in FIGS. 2, 3 and 4. The slit 22 is parallel with the corrugations 26 in the sub-cover 14. In this manner the portions 24, when raised, will fold longitudinally along the corrugations 26, which will enable the portions 24 to be folded back in place, as shown in FIG. 2, after the insertion of the granular material 12 into the bottom pillow-like casing 10.
 
 
 14
 Given that the basic lap desk shown in Fig. 2, minus the slots 20 and 22 which define the door-like openings, is prior art, the question becomes whether it would have been obvious to one of ordinary skill to combine the basic lap desk shown with the slits defining the door-like openings.
 
 
 15
 Unik argues that the prior art contains no suggestion to make this combination. According to Unik, "a reasonable juror could not have found any suggestion or teaching in the pertinent prior art of the door-like openings claimed in claim 9."
 
 
 16
 We strongly disagree. The suggestion is implicit in the prior art desk itself. The "flowable, granular material," typically styrofoam beads, does not appear in the pillow-like casing by magic. It must be placed there. There are three self-evident ways to do this. The first would be to (1) attach the casing around most of the perimeter of the "partially rigid sheet means" (corrugated cardboard); (2) fill the void between the sheet and casing with beads; and (3) finish attaching the casing to the sheet. The second way would be to (1) attach the casing around the entire perimeter of the sheet; (2) cut an opening in the casing (or it could be pre-cut); (3) fill the void between casing and sheet through this opening; and (4) close up the opening. The third way would be the same as the second, except that the opening would be cut in the corrugated cardboard sheet which gets covered by the top 4 upon final assembly.
 
 
 17
 This third self-evident method produces a lap desk structure according to claim 9. Styling the openings "door like" as in claim 9 does not render their incorporation into the basic lap desk structure any less obvious. We conclude that there was sufficient evidence, even aside from the adverse testimony of the inventor, to support the conclusion that the invention of claim 9 would have been obvious to one of ordinary skill at the time it was made.
 
 
 18
 5. Unik has not persuaded us that the district judge abused his discretion in denying Unik's motion for a new trial.
 
 
 19
 6. The jury decided that Unik acted in bad faith or with gross negligence in asserting that Creative infringed the patent. There is substantial evidence in support of this finding and we do not find persuasive Unik's argument to the contrary.
 
 
 20
 The judge relied on the jury's finding of bad faith or gross negligence in making his own finding that the case was "exceptional," 35 USC 285. He stated: "The jury's finding that Unik acted in bad faith is sufficient to find that this is an exceptional case." We agree.
 
 
 21
 The judge then decided whether to award Creative its attorney fees. He made numerous subsidiary findings, not shown to be clearly erroneous, which fully support his decision not to do so. The statute commits this decision to his discretion. Creative in its cross-appeal has not persuaded us that he abused it in declining to award fees.
 
 
 22
 BISSELL, Circuit Judge, dissenting-in-part.
 
 
 23
 I respectfully dissent from paragraph 4 of the majority's opinion because I would reverse that portion of the judgment holding claim 9 invalid for obviousness. Although I agree that the district court did not abuse its discretion in refusing to award attorney fees, I also dissent from that part of paragraph 6 deciding the bad faith and exceptional case issues.
 
 I. Obviousness
 
 24
 A holding that a claimed invention would have been obvious under 35 U.S.C. Sec. 103 (1982 & Supp. V 1987) is a legal conclusion freely reviewable by this court, but invalidity due to obviousness must nevertheless be proven by facts. Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050, 5 USPQ2d 1434, 1438 (Fed.Cir.), cert. denied, 109 S.Ct. 75 (1988). The majority holds the invention of claim 9 obvious based on its own analysis, not by facts of record. Cf. id. at 1052, 5 USPQ2d at 1439 (explaining that the district court held the patented invention obvious by improperly combining references "solely on the basis of its own analysis, aided by Uniroyal's expert" and without any suggestion or teaching in the prior art).
 
 
 25
 The testimony of James Fails, one of Creative's two experts, is fatally flawed. Fails admitted that he "started with the recitations of Claim 9 as to what the door-like openings mean." We have flatly rejected the use of hindsight gleaned from the invention itself in determining obviousness. Id. at 1051, 5 USPQ2d at 1438. Fails did not testify that the prior art taught or suggested the claimed door-like openings; instead he stated that such a suggestion was necessary only to combine prior art references but otherwise unnecessary to determine obviousness. That, of course, is not the law. See Cable Elec. Prods. Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886-87 (Fed.Cir.1985) (explaining that " 'the test [for obviousness] is what the combined teachings of the references would have suggested to those of ordinary skill in the art' " (citation omitted)).
 
 
 26
 Creative's other expert, an engineer without any knowledge of patent law or the legal meaning of obviousness, also indicated that he had engaged in an improper hindsight analysis. Furthermore, he admitted that his obviousness conclusion was based on the fact that the invention is "such a simple procedure and such a simple task that you're trying to overcome[,] that the solution is quite obvious." Simplicity, however, "is not enough to negative invention." Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 279 (1944). He, like Fails, never pointed to any prior art suggesting or teaching the claimed door-like openings.
 
 
 27
 Although only three self-evident ways of filling the casing may exist, some "suggestion in the prior art [must] provide [one of ordinary skill] with the motivation" to place and seal the styrofoam beads in the pillow-like casing as set forth in claim 9. In re Deminski, 796 F.2d 436, 443, 230 USPQ 313, 316 (Fed.Cir.1986). Obvious to try a limited number of solutions is not the test for obviousness. See Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1380, 231 USPQ 81, 91 (Fed.Cir.1986), cert. denied, 480 U.S. 947 (1987). Without the required evidentiary showing, the invention of claim 9 should not be held obvious.II. Bad Faith and Exceptional Case
 
 
 28
 I agree with the majority's affirmance of the district court's refusal to award attorney fees. The underlying findings of bad faith and exceptional case, however, do not require our review because attorney fees may be denied even when bad faith and exceptional case are found. See Gardco Mfg. v. Herst Lighting Co., 820 F.2d 1209, 1215, 2 USPQ2d 2015, 2020 (Fed.Cir.1987). Accordingly, I would not perpetuate the stigma arising from such findings and would only affirm the refusal to award attorney fees.
 
 
 29
 If required to reach the bad faith and exceptional case findings, I would reverse them as unsupported by substantial evidence and clearly erroneous. See Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 471, 227 USPQ 368, 371 (Fed.Cir.1985) (explaining that factual determinations underlie an attorney fees award). Unik did not initially sue Creative for infringement but instead filed a counterclaim in response to Creative's declaratory judgment action for invalidity and noninfringement. The district court found that "[t]his was a very close case" and that "[t]here was evidence supporting both sides." Creative Mfg., Inc. v. Unik, Inc., No. 4-84-543-E, slip op. at 2 (N.D.Tex. Sept. 13, 1988). The district court also commended both sides' counsel for "conduct[ing] themselves admirably during the discovery process and during trial." Id. In a case filed by Creative that the court determined to be very close and in which there was evidence supporting Unik's position, it is beyond my comprehension how the bad faith and exceptional case findings can be sustained.