899 F.2d 1228
 16 U.S.P.Q.2d 2043
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Thomas J. NOVAK, Lowen R. Morrison, Jr. and Carmie A. Steele.
 No. 89-1735.
 United States Court of Appeals, Federal Circuit.
 March 13, 1990.
 
 Before MARKEY, Chief Judge, and MAYER and PLAGER, Circuit Judges.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Thomas J. Novak, Lowen R. Morrison, Jr. and Carmie A. Steele (collectively Novak) appeal from a decision of the Board of Patent Appeals and Interferences (board), No. 88-1420, that affirmed an examiner's rejection of claims 1-13 of Novak's patent application, serial no. 782,232. We affirm.
 
 OPINION
 
 2
 We find no error in the board's affirmance of the examiner's rejection of claims 1-13 as drawn to an invention that would have been obvious in view of Clark, Sivetz and Reimus. Novak's claims are drawn to a process that yields a coffee composition that has a reduced furfural to pyrazine ratio of less than 1.2:1 and a brewed flavor similar to roast and less like instant coffee. Novak agrees with the board's finding that the process disclosed by Clark differs from the claimed process in two respects: (1) Clark partially evaporates whereas the claimed process steam strips; and (2) Clark concentrates by thermal evaporation whereas the claimed process concentrates by freezing. Steam stripping is taught by Sivetz to remove furfural as a chief culprit among flavor-reducing hydrolysis volatiles, and freeze concentration is taught by Reimus to improve flavor. To improve coffee flavor by combining two coffee-flavor-improving steps taught by the prior art would have been obvious to one of ordinary skill in the art.
 
 
 3
 Novak's argument that the references are not properly "combinable" is unavailing. The Clark, Sivetz and Reimus references are not only clearly "reasonably pertinent to the particular problem with which the inventor was involved," In re Deminski, 796 F.2d 436, 442, 230 USPQ 313, 315 (Fed.Cir.1986), but suggest means of solving precisely the inventor's problem. As the board correctly stated, the suggestion to modify the art "need not be expressly stated in one or all of the references." Cable Electric Products, Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886-87 (Fed.Cir.1985). As this court has repeatedly stated, obviousness must be determined in light of what is taught or suggested by the prior art as a whole. Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556, 225 USPQ 26, 31 (Fed.Cir.1985).
 
 
 4
 Novak has pointed to no evidence in the record upon which a reversal of the board could be based.