935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Ole K. NILSSEN.
 No. 91-1123.
 United States Court of Appeals, Federal Circuit.
 May 8, 1991.
 
 Before MAYER, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Ole K. Nilssen (Nilssen) appeals the final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board). The Board affirmed the examiner's rejection of claims 48-51 from Nilssen's patent application Serial No. 158,104. The examiner based the rejection on 35 U.S.C. Sec. 103. The examiner relied on U.S. Patent No. 4,008,414 to Agnew and U.S. Patent No. 4,184,428 to Nilssen in support of the rejection. This court affirms.
 
 OPINION
 
 2
 Title 35, United States Code, section 103 provides:
 
 
 3
 A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.
 
 
 4
 The law has long required the Board to make its obviousness determinations from the perspective of a hypothetical person having ordinary skill in the art. Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 454, 227 USPQ 293, 297 (Fed.Cir.1985); Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1452, 223 USPQ 603, 613 (Fed.Cir.1984); In re Nilssen, 851 F.2d 1401, 1403, 7 USPQ2d 1500, 1502 (Fed.Cir.1988).
 
 
 5
 The hypothetical person standard is not merely an aid to help an examiner or judge evaluate a claimed invention for obviousness. Rather, the hypothetical person test is the standard for determining obviousness. Affidavits from experts with actual skill in the art may help, but do not substitute for an obviousness determination under the proper standard. Thus, Nilssen's reliance upon the affidavits of Pacholok, Fiene, and Schneider does not alter this obviousness determination.
 
 
 6
 Determining obviousness is a legal determination based on underlying factual inquiries. Graham v. John Deere Co., 383 U.S. 1, 17, 148 USPQ 459, 467 (1966). These inquiries are (1) the scope and content of the prior art, (2) the differences between the prior art and the claims at issue, (3) the level of ordinary skill in the art, and (4) any secondary considerations of nonobviousness. These inquiries require the fact finder to construe the prior art in light of the claimed subject matter. Under Nilssen's proposed test, the persons of actual skill in the art do not consider the claimed invention. Thus, they could not make these critical factual inquiries.
 
 
 7
 The hypothetical person standard does not use the applicant's own disclosure against the claimed invention in impermissible hindsight reconstruction.[1] Hindsight is impermissible when an examiner rejects an application in reliance upon teachings not drawn from any prior art disclosure, but from the applicant's own disclosure. See In re Deminski, 796 F.2d 436, 443, 230 USPQ 313, 316 (Fed.Cir.1986); W.L. Gore & Assocs., Inc. v. Garlock, Inc., 721 F.2d 1540, 1553, 220 USPQ 303, 313 (Fed.Cir.1983) cert. denied, 469 U.S. 851 (1984). In this case, the examiner properly applied the hypothetical person standard in light of prior art selected with the Graham inquiries in mind.
 
 
 8
 This court has not the power to ignore controlling precedent and indeed the plain import of the statute by setting aside the hypothetical person standard.[2]
 
 
 
 [1]
 Nilssen seems to contradict himself on this point in his reply brief. He concedes that, during the initial phases of examination, the selection of the prior art inherently requires that the prior art be viewed from the perspective of the claimed invention. He simply asserts that the actual determination of obviousness should not be from the perspective of the claimed invention. Appellant's Reply Brief at 11
 
 
 [2]
 In In re Nilssen, 851 F.2d 1401, 1403, 7 USPQ2d 1500, 1502 (Fed.Cir.1988), this court warned Nilssen, under pain of sanctions, against repeatedly pursuing frivolous arguments. Nilssen's arguments in this appeal, albeit new, border on the frivolous. If Nilssen again presents to this court frivolous arguments against the clear weight of statutory and case law, sanctions will be warranted