Bich, Judge,
delivered the opinion of the court:
This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 10 and 11 of the application of Daniel D. Wolfe, for “Dental Massage Device,” serial No. 144,048, filed February 14,1950.
No claims are allowed.
Claim 10 is representative:
10. A dental massage device formed entirely of resinous plastic material non-corrosible by saliva and consisting of an elongated, one-piece handle member having a U-shaped notch formation in one end providing projecting leg portions,, the inner opposed sides of said leg portions being formed to provide an aligned pair of bearing sockets at outer ends thereof, said sockets being closed at the-outer sides of said leg portions, and a roller having an integral stub bearing shaft on each end fitting closely and seated in one of said bearing sockets, the stub bearing shafts being of a length to space the end faces of the roller from said leg portions, said roller being of a size and disposed to extend outwardly beyond the end parts of said leg portions and the opposite spaced planes defined thereby.
Claim 11 differs from claim 10 in that it is a generic claim and would include the reversal of the stub shafts and sockets on the leg portions- and roller ends as set out in claim 10.
In simple language, the application discloses a massage device for use in the mouth in the form of a small roller about 7/16" long and. 5/16" in diameter journaled on the end of a handle which may be the handle of a toothbrush or a separate socketed handle which can be slipped over the end of a toothbrush handle. Essentially what is claimed to be patentable invention is a one-piece plastic handle having a bifurcated end in which a plastic roller is mounted by means of stub shafts which may be on either the roller or the handle.
The single reference relied upon by the board is:
*792 Chapman (British), 437,291 October 28,1935.
The reference discloses a “massage appliance” which has a roller with integral stub shafts rotatably mounted in bearing sockets in a U-shaped bracket to which a handle is screwed. The Chapman massager is alleged to have the remarkable function of acting magnetically upon the surface of the body and affecting the “atomic iron” in the blood beneath the skin. This is supposedly accomplished by providing the roller with a permanent magnet core covered with insulating rubber or enamel, which is also said to be responsible for “a kind of condenser action” with respect to the body being massaged. Appellant properly characterizes this device as “a most curious thing.” The specification teaches that the shape and size of the roller may vary “according to requirements.”
The Board of Appeals, after noting that the claims call for making the device entirely of resinous plastic material whereas Chapman discloses a metal roller and that applicant claims a one-piece handle whereas Chapman shows a handle of two parts, said:
Except for the noted differences, each of claims 10 and 11 is readable upon the reference. There is nothing in the claims to restrict the roller to approximately the proportions illustrated that would make it usable in the oral cavity. Insofar as the claims are concerned, the device could have the relative proportions shown in the reference.
It is the examiner’s view that, insofar as the structure is concerned, that disclosed in the reference is the full equivalent of that claimed, the examiner ■pointing out that the use of resinous plastic materials for dental instruments is well known because of the inert properties of such materials, as exemplified by the conventional use thereof in making tooth brush handles, and further that there is nothing in the mere making of the two-part structure integral other than a matter of engineering choice.
Appellant speaks at considerable length relative to the disclosure in Chapman ■of the magnetic properties of the roller therein disclosed. We fail to see wherein this is germane to any question of patentability herein present and we will not further consider the same.
Except for the two differences that have been pointed out above, the claims are so broad as to read directly on the massage device of the reference. '[Emphasis added.]
We are in complete accord with the reasoning of the board.
Appellant’s argument here is “that the difference presented between appellant’s dental massage device and the magnetic massage device of Chapman is one of kind and amounts to invention.” The following •summary of claimed limitations that Chapman fails to satisfy is urged:
“a. Dental massage device.
b. Entirely of resinous plastic material (i. e., non-magnetie and ‘non-corrodible by saliva’).
c. Consisting of one-piece handle member-
*793 d. And a roller.
e. No cover on roller (‘consisting of’ in claim excludes this element)
Answering these points seriatim: (a) The characterization of a massage device as for “dental” use, as distinguished from use on other parts of the body, is not a patentable distinction since in the apparatus claims before us it points to no structural difference, (b) The all-plastic construction limitation points out a mere difference in material well within the skill of the art. Being for oral use, we feel it would be quite obvious to use such materials as are employed in toothbrush handles. It can avail appellant nothing to parade before us, a kind of ignis fatms the pseudo-scientific nonsense of the Chapman specification. It is pertinent as a reference for the structure shown without regard to the patentee’s extraordinary theories and, as noted above, the claims read on that structure with the exception of the material used and the one-piece handle, which is the next point. It would seem scarcely necessary to point out that merely making a two-piece handle in one piece is not patentable invention because it is an obvious thing to do if deemed desirable, (d) Chapman has a roller, mounted on a handle, and this point of alleged difference is clearly unsupported, (e) The “consisting of” terminology is only in claim 10 as claim 11 says “comprising.’’ But even as to claim 10, which we will assume calls for a roller with no cover, — patentability cannot be predicated on omitting from the reference the covering on the roller when the cover is seen to be unnecessary. To be sure, taking the rubber or enamel cover from the Chapman roller would leave a roller of magnetic metal and too big to get into the mouth. But given the idea of using a roller for massage, we see nothing patentable in making the roller small enough and of an appropriate material for oral use. The differences are mere change of size and substitution of material of the most obvious kind, on a par with the differences between a hairbrush and a toothbrush.
The decision of the board is affirmed.
Worley, J., dissents.