NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE INDEX SYSTEMS, INC.

---

2014-1084

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, in Reexamination Nos. 90/011,528 and 90/011,550.

---

Decided: August 11, 2014

---

LAURENCE S. ROGERS, Ropes & Gray LLP, of New York, New York, for appellant. With him on the brief was MEGAN F. RAYMOND, of Washington, DC.

NATHAN K. KELLEY, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were JAMIE L. SIMPSON and MEREDITH H. SCHOENFELD, Associate Solicitors.

---

Before PROST, *Chief Judge,* LOURIE and HUGHES, *Circuit Judges.*

PROST, *Chief Judge*.

Index Systems, Inc. appeals from the reexamination decision of the U.S. Patent and Trademark Office, Patent Trial and Appeal Board ("Board") affirming the final rejection of claims 1–13 of U.S. Patent No. 6,701,523 ("'523 patent") as obvious. *Ex Parte Index Systems, Inc.*, No. 2013-003427 (P.T.A.B. Aug. 6, 2013) ("*Board Decision*"). Because the Board correctly held the claims obvious, we affirm.

## BACKGROUND

Index Systems is the owner of the '523 patent, which provides a system and method for restricting access to television programming based on the program's rating and content. '523 patent (Abstract). According to that system and method, when users want to block programs, they would view a display such as the one in Figure 24A, depicted below.



FIG.24A

A user could then block programs by selecting the particular tile that corresponds to the combination of ratings and content that the user wishes to block. *Id.* col. 10 ll. 34–55.

Claim 1 is representative of the '523 patent claims and is reproduced below:

> 1. A system for restricting access to television programs comprising:
>
>> an input for accepting cursor movement and selection commands;
>>
>> a display that depicts a two dimensional matrix composed of rows and columns of tiles, wherein either the rows of tiles or the columns of tiles correspond to overall program ratings and either the rows of tiles or the columns of tiles correspond to specific program content indications and depicts highlighting of individual tiles or groups of tiles based on the cursor movement commands; and
>>
>> means for blocking or allowing viewing of television programs based on the overall program ratings and specific content ratings of the rows and columns corresponding to the highlighted tiles when a selection command is entered into the input.

'523 patent col. 17 ll. 17–33.

Two ex parte reexaminations of the '523 patent were requested in 2011. The proceedings were merged and, ultimately, the examiner issued a Final Rejection of claims 1–13 as obvious over two references, Casement and

EIA-744.[1]  Office Action, Nos. 90/011,528 & 90/011,550, at 1 (Mar. 9, 2012) ("*Final Rejection*").

Casement, a prior patent, teaches "[a] television schedule system with a user interface which allows a user to control access to television programs by time, rating, content, and/or channel."  U.S. Patent No. 5,969,748 ("Casement") (Abstract).  An embodiment of this control system, in which "two lists are shown to the user, one by rating and one by content" is depicted in Figure 2D, reproduced below.  Casement col. 4 ll. 45–46.



FIG. 2D.

In that embodiment, "[p]rograms may be locked using more than one category of rating and/or content."  Casement col. 4 ll. 47–50.

The examiner found that Figure 2D of Casement teaches a display that "depicts a two dimensional matrix composed of rows and columns of tiles . . . wherein the

---

[1]  The Board held dependent claim 6 obvious over Casement, EIA-744, and U.S. Patent No. 5,610,653. Index Systems does not separately argue that claim 6 is nonobvious.  Based on our reasoning concerning claims 1–5 and 7–13, we conclude that the Board correctly held claim 6 obvious.

rows and columns of tiles depict highlighting of individual tiles or groups of tiles based on the cursor movement commands." *Final Rejection* at 27–28.

EIA-744 is a publication by the Electronic Industries Association that sets forth a standard way of encoding ratings and content information into television broadcasting signals. J.A. 1824–27. EIA-744 contains the following table that shows how ratings can be coded together with content information, given that not all combinations of ratings and content indicators are allowed:

| g2 | g1 | g0 | Rating | FV | V | S | L | D |
|----|----|----|--------|----|---|---|---|---|
| 0 | 0 | 0 | None* | | | | | |
| 0 | 0 | 1 | "TV-Y" | | | | | |
| 0 | 1 | 0 | "TV-Y7" | X | | | | |
| 0 | 1 | 1 | "TV-G" | | | | | |
| 1 | 0 | 0 | "TV-PG" | | X | X | X | X |
| 1 | 0 | 1 | "TV-14" | | X | X | X | X |
| 1 | 1 | 0 | "TV-MA" | | X | X | X | |
| 1 | 1 | 1 | None* | | | | | |

* No blocking is intended per the program rating criteria.

J.A. 1826–27. As the examiner found, "EIA-744 teaches a grid of rows and columns wherein the rows correspond to overall program ratings and the columns correspond to specific program content indications." *Final Rejection* at 29.

The examiner concluded that it would have been obvious to implement the system embodied in Casement's Figure 2D in the format illustrated in EIA-744. *Id.* The '523 patent claims were thus held to be obvious. The Board affirmed.

Index Systems timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

ANALYSIS

"A patent for a claimed invention may not be obtained . . . if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious . . . to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Obviousness under 35 U.S.C. § 103 is a legal question based on underlying factual determinations. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007). Those underlying factual determinations include "[t]he identification of analogous prior art," *In re Bigio*, 381 F.3d 1320, 1324 (Fed. Cir. 2004), and "[w]hat the prior art teaches and whether it teaches toward or away from the claimed invention," *Para-Ordnance Mfg., Inc. v. SGS Importers Int'l, Inc.*, 73 F.3d 1085, 1088 (Fed. Cir. 1995). The Board's legal conclusions are reviewed de novo and its factual findings are reviewed for substantial evidence. *In re Kotzab*, 217 F.3d 1365, 1368 (Fed. Cir. 2000).

Index Systems' first few arguments can be boiled down to the single question of whether the Board properly found that a person of ordinary skill in the art would have consulted EIA-744. The Board answered that question in the affirmative, and we hold that substantial evidence supports that finding. For example, the patent itself broadly describes the field of invention as "*relat[ing] generally to television and other viewable programming systems*, and more particularly, to an apparatus and method that provides an In-Guide user interface for programmable blocking of viewable programs, such as for parental control of a television receiver." '523 patent col. 1 ll. 17–22 (emphasis added). And, as pointed out by the Board, Index Systems' own expert opined that one of ordinary skill in the art would have, among other qualifications, "several years of relevant experience, such as the design or research of computer display systems, video recorders, Teletext decoders, cable or satellite TV set-top

boxes or any equivalent experience." *Board Decision* at 11. We thus affirm the Board's conclusion that one of ordinary skill in the art would have consulted EIA-744.

Finally, Index Systems argues that, "even if EIA-744 is considered analogous art, . . . the Board erred in its obviousness analysis of Casement in view of EIA-744." Appellant's Br. 27. The basic issue here was whether the '523 patent's two-dimensional matrix display is obvious over the list display of Casement, particularly in light of EIA-744's use of a two-dimensional matrix to show essentially the same information as claimed in the '523 patent. Given that "[a] person of ordinary skill in the art is also a person of ordinary creativity, not an automaton," *KSR*, 550 U.S. at 421, this question almost answers itself. Regardless, the Board's affirmance of the examiner's conclusion that the '523 patent claims would have been obvious under an obvious-to-try rationale was correct.

The Supreme Court explained the rationale for obvious-to-try as follows:

> When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.

*Id.*

We agree with the Board that here there was a design need or market pressure to solve a problem. Among other things, about a year before the '523 patent was applied for, the Federal Communications Commission issued an order providing that certain newly manufactured televisions had to be equipped to receive and decrypt information about a show's rating and content and allow

blocking of shows based upon those criteria.  J.A. 2317–19.

And, as explained by the examiner and the Board, there are also a finite number of identified, predictable solutions to that problem.  *See* J.A. 2319–20 (explaining that only two solutions would have been realistically considered to the problem of organizing "ratings" and "content" information to allow blocking based on either set of criteria or on a combination of both: (1) a list interface, and (2) a grid interface); *Board's Decision* at 14–15.

As such, we agree that "[i]t would have been obvious to one of ordinary skill in the art at the time of the invention to implement the blocking system of Casement by utilizing the grid-based interface styled after the [table] illustrated in EIA-744."  J.A. 2320.

## CONCLUSION

We conclude that the Board did not err in rejecting the '523 patent claims as obvious and therefore affirm.

**AFFIRMED**