NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SMARTDOOR HOLDINGS, INC.,**
*Appellant*

**v.**

**EDMIT INDUSTRIES, INC.,**
*Appellee*

———————————

2016-2152

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00013.

———————————

Decided: September 7, 2017

———————————

MICHAEL JOSEPH FOYCIK, JR., Silver Spring, MD, argued for appellant. Also represented by THOMAS A. MAURO, Mauro Law Offices, PC, Washington, DC.

DAMIAN KEVIN GUNNINGSMITH, Carmody Torrance Sandak & Hennessey LLP, New Haven, CT, argued for appellee. Also represented by JOHN RICHARD HORVACK, JR.

———————————

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Edmit Industries, Inc. filed a petition for inter partes review with the Patent Trial and Appeal Board to review the patentability of claims 16–18 and 27 of Smartdoor Holdings, Inc.'s U.S. Patent No. 6,484,784. The Board instituted an IPR proceeding on these claims and ultimately determined that claims 16–18 and 27, as well as Smartdoor's proposed substitute claims, would have been obvious under 35 U.S.C. § 103. Smartdoor appeals from the Board's final written decision. We affirm.

BACKGROUND

I.

The '784 patent "relates to a control device for closing and opening a door." '784 patent col. 1 ll. 5–6. Particularly, the patent is directed to fire doors, which "serve[] as a barrier to the spread of fire, smoke or fumes through an opening or throughway in a building interior or exterior wall." *Id.* at col. 1 ll. 10–14. The patent purports to improve on the prior art by harnessing energy caused by the closing of the door to control the closing of the door, also known as regenerative braking, and to power auxiliary devices such as visual or audio indicators.

Claim 16, the only independent claim at issue in this appeal, is illustrative:

16. A device comprising:

a door having an open, first position and a closed, second position, with a force tending to move said door toward said second position;

a disengageable stop connected to said door to hold said door in said first position;

a motor connected to said door, said motor having an ability to move said door from said second position to said first position; and

a generator connected to said door, wherein movement of said door from said first position to said second position causes said generator to produce power to apply a braking force to slow movement of said door from said first position to said second position and to power at least one auxiliary device.

*Id.* at col. 14 ll. 23–37.

## II.

Edmit petitioned for IPR of the '784 patent, alleging, *inter alia*, that claims 16–18 and 27 were unpatentable as obvious under 35 U.S.C. § 103 in view of various prior art. The Board instituted review of: (1) claims 16 and 17 as obvious in view of U.S. Patent No. 5,386,891 ("Shea") in combination with U.S. Patent No. 1,367,298 ("Burke"); (2) claim 18 as obvious in view of Shea in combination with Burke and U.S. Patent No. 5,193,647 ("O'Brien"); and (3) claim 27 as obvious in view of Shea in combination with Burke and U.S. Patent No. 4,533,905 ("Leivenzon").

The Board's final written decision concluded that claims 16 and 17 would have been obvious in view of Shea in combination with Burke. *Edmit Indus., Inc. v. Smartdoor Holdings, Inc.*, IPR2015-00013, 2016 WL 1246855, at *7 (P.T.A.B. Mar. 29, 2016) ("*Final Written Decision*"). The Board explained that Shea discloses a mechanism for controlling the raising and lowering of a door, whereby "[t]he mechanism is described generally as comprising a brake, with a speed reduction gearing, and a governor, to control the speed of the door when it is closing under the gravitational pull on the door." *Final Written Decision*, 2016 WL 1246855, at *3. The Board explained that "Burke relates to alternating current

motors that regenerate current when driven by the load, i.e., the motor also serves as a generator" and discloses that "it is desirable to utilize the regenerative function of electric motors . . . where an electric braking action is required as in electrically operated elevators, motor vehicles, trains, *and the like* . . . ." *Id.* at *4 (emphasis added). The Board additionally concluded that claim 18 would have been obvious in view of Shea in combination with Burke and O'Brien. *Id.* at *9. The Board also concluded that claim 27 would have been obvious in view of Shea in combination with Burke and Leivenzon. *Id.* The Board finally denied Smartdoor's motion to amend, which proposed substitute claims 40–43. *Id.* at *9–11.

Smartdoor timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(c).

## DISCUSSION

Smartdoor first asserts that Burke "cannot perform the regenerative [braking] function from a full stopped position," which Smartdoor posits is required by claim 16. Appellant Br. 13. But our review of the record reveals that Smartdoor did not raise this argument before the Board. Indeed, in its final written decision, the Board explained that Smartdoor "focuse[d] on the issues of whether a person of ordinary skill in the art would have sought to combine Shea and Burke and the feasibility of the combination" and "d[id] not generally dispute [Edmit's] contention that the individual limitations of claims 16 and 17 would be met by the teachings of Shea and Burke." *Final Written Decision*, 2016 WL 1246855, at *4.

We have frequently declined to hear arguments that were not presented to the Board. *See, e.g.*, *In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004). "On appeal to this court, 'we have before us a comprehensive record that contains the arguments and evidence presented by the parties' and our review of the Board's decision is confined

to the 'four corners' of that record." *Id.* (quoting *In re Gartside*, 203 F.3d 1305, 1314 (Fed. Cir. 2000)). Thus, "it is important that the applicant challenging a decision not be permitted to raise arguments on appeal that were not presented to the Board." *Id.* A review of Smartdoor's IPR response, motion to amend, and oral hearing transcript reveal that the argument Smartdoor now raises on appeal related to whether Burke is able to perform the regenerative function from a full stopped position was not raised before the Board. Accordingly, this argument is waived and we need not address it.

Smartdoor next challenges the Board's finding that Burke is analogous art, arguing that Burke "does not mention a door or a DC motor." Appellant Br. 15. "Two separate tests define the scope of analogous prior art: (1) whether the art is from the same field of endeavor, regardless of the problem addressed and, (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved." *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004). Though the Board acknowledged Smartdoor's argument that Burke does not disclose a door, the Board found that Burke is analogous art because it is relevant to the problem faced by the inventor of the '784 patent: the problem of braking in electronic devices. The Board thoroughly and correctly addressed Smartdoor's argument, finding that "Burke discloses an approach to that problem by absorbing energy from a motor, operated as a generator, for the purposes of braking." *Final Written Decision*, 2016 WL 1246855, at *5. On appeal, Smartdoor does not challenge this fact finding, but instead, continues to argue that Burke is non-analogous art because it is not from the same field of endeavor as the '784 patent. We see no error in the Board's contrary finding, as it is supported by substantial evidence.

Smartdoor next challenges the Board's finding of a motivation to combine, arguing that the combination of Shea and Burke "would necessarily destroy the teachings of Shea to incorporate a regenerative braking scheme, as it would require removing the governor." Appellant Br. 17. We disagree.

Addressing this same argument below, the Board cited *In re Mouttet*, 686 F.3d 1322, 1332 (Fed. Cir. 2012), for the proposition that "a substitution of components, e.g., the substitution of an electrical component for an optical component, does not destroy the principle of operation where it does not destroy the overall principle of operation of the device." *Final Written Decision*, 2016 WL 1246855, at *6. As the Board explained, "the asserted combination of Shea and Burke would operate in the same manner as the fire door of Shea—to slow the movement of the door, while allowing the door to close under the force of gravity." *Id.* Analogizing this case to *Mouttet*, the Board found that the combination of Shea and Burke is "the substitution of an electrical component for an analog component, which does not destroy the principle of operation because it does not destroy the overall principle of operation of the device" and that "this type of fitting together of teachings would have been obvious to a person of ordinary skill in the art." *Id.* at *7. On appeal, Smartdoor fails to demonstrate how this sound and thoroughly-explained finding by the Board is not supported by substantial evidence. Accordingly, we see no error in the Board's finding.

Smartdoor finally challenges the Board's denial of its motion to amend, which proposed substitute claims 40–43. Smartdoor, however, merely rests on the same arguments addressed above. Accordingly, we see no error in the Board's denial of Smartdoor's motion to amend.

## CONCLUSION

We have considered Smartdoor's remaining arguments but discern no errors in the Board's decision. The

Board did a commendable job in rendering its detailed and thorough opinion. The Board provided detailed findings on the scope and content of Shea and Burke and the reasons one of ordinary skill in the art would have been motivated to combine these references, and carefully and clearly responded to Smartdoor's contrary arguments, greatly aiding our review on appeal. Because we conclude that the Board did not err in holding claims 16–18 and 27 of the '784 patent unpatentable or denying Smartdoor's motion to amend, we affirm.

**AFFIRMED**

COSTS

Costs to Appellee.