NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CYWEE GROUP LTD.,**
*Appellant*

**v.**

**GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., LG ELECTRONICS INC., HUAWEI DEVICE USA, INC., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE (DONGGUAN) CO., LTD., HUAWEI INVESTMENT & HOLDING CO. LTD, HUAWEI TECH. INVESTMENT CO. LTD., HUAWEI DEVICE (HONG KONG) CO. LTD.,**
*Appellees*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2020-1565, 2020-1567

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01257, IPR2018-01258.

———————————

Decided:  March 16, 2021

———————————

JAY P. KESAN, DiMuroGinsberg PC, Tysons Corner, VA, argued for appellant.  Also represented by CECIL E. KEY, HENNING SCHMIDT; WILLIAM D. ELLERMAN, ARI RAFILSON, MICHAEL W. SHORE, Shore Chan DePumpo LLP, Dallas, TX.

MATTHEW A. SMITH, Smith Baluch LLP, Menlo Park, CA, argued for all appellees.  Appellee Google LLC also represented by ELIZABETH LAUGHTON; ANDREW BALUCH, Washington, DC.

NAVEEN MODI, Paul Hastings LLP, Washington, DC, for appellee Samsung Electronics Co., Ltd.  Also represented by CHETAN BANSAL.

ANDREW V. DEVKAR, Morgan Lewis & Bockius LLP, Santa Monica, CA, for appellee LG Electronics Inc.  Also represented by NATALIE A. BENNETT, Washington, DC; JEREMY DEANE PETERSON, PV Law LLP, Washington, DC.

KRISTOPHER L. REED, Kilpatrick Townsend & Stockton LLP, Denver, CO, for appellees Huawei Device USA, Inc., Huawei Device Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device (Dongguan) Co., Ltd., Huawei Investment & Holding Co. Ltd, Huawei Tech. Investment Co. Ltd., Huawei Device (Hong Kong) Co. Ltd.  Also represented by BENJAMIN MAX KLEINMAN, STEVEN MOORE, San Francisco, CA.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor.  Also represented by THOMAS W.

KRAUSE, FARHEENA YASMEEN RASHEED, MEREDITH HOPE
SCHOENFELD.

—————————

Before PROST, *Chief Judge*, TARANTO and CHEN, *Circuit
Judges*.

PROST, *Chief Judge*.

Google LLC ("Google") petitioned for inter partes re-
view ("IPR") of claims 1 and 3–5 of U.S. Patent
No. 8,441,438 ("the '438 patent") and claims 10 and 12 of
U.S. Patent No. 8,552,978 ("the '978 patent"), asserting
that the challenged claims are unpatentable as obvious.
Each of Google's prior art combinations relied on Bach-
mann.[1]  The Patent Trial and Appeal Board ("Board") in-
stituted IPR and agreed with Google that the challenged
claims would have been obvious.  *Google LLC v. CyWee
Grp. Ltd.*, No. IPR2018–01257, Paper 87 (P.T.A.B. Jan. 9,
2020) ("*'978 Decision*"); *Google LLC v. CyWee Grp. Ltd.*,
No. IPR2018–01258, Paper 86 (P.T.A.B. Jan. 9, 2020)
("*'438 Decision*").  CyWee Group Ltd. ("CyWee") appeals.

We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).
We affirm.

## DISCUSSION

CyWee raises three challenges on appeal.  First, Cy-
Wee argues that the Board erred in concluding that Google
disclosed all real parties in interest as required by
35 U.S.C. § 312(a)(2).  Second, CyWee contends that the
IPR proceedings should be terminated because all the rul-
ings were made by administrative patent judges ("APJs")
who were unconstitutionally appointed in violation of the
Appointments Clause, U.S. CONST. art. II, § 2, cl. 2.  And
third, CyWee argues that the Board erred in concluding

—————————

[1]    U.S. Patent No. 7,089,148.

that Bachmann is analogous prior art with respect to the challenged patents.  We address these arguments in turn.

I

First, CyWee contends that the Board erred in concluding that Google met the real-party-in-interest disclosure obligations of § 312(a)(2).

We are precluded from reviewing this challenge.  In *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020), we concluded that "the Board's § 312(a)(2) real-party-in-interest determination is final and non-appealable" under 35 U.S.C. § 314(d) because it "raises an ordinary dispute about the application of an institution-related statute."  *Id.* (internal quotation marks omitted); *see also Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1373–74 (2020); *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2139 (2016).

CyWee attempts to distinguish this case from *ESIP* on the basis that here, CyWee does not specifically challenge the Board's decision on institution but rather the Board's denial of CyWee's post-institution motion to terminate the proceedings in view of newly discovered evidence.  But that motion amounted to nothing more than a request for the Board to reconsider its institution decision.  The Board's decision on such a request is "final and nonappealable" under § 314(d).  *See, e.g.*, *Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, 839 F.3d 1382, 1384–85 (Fed. Cir. 2016); *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1312 (Fed. Cir. 2015).

CyWee also argues that the Board erroneously denied CyWee additional discovery, but the additional discovery CyWee seeks relates solely to whether Google met its obligations under § 312(a)(2).  CyWee makes no argument for reviewability of the Board's discovery ruling if the Board's ruling that Google met its § 312(a)(2) burden is unreviewable.  Under these circumstances, CyWee's challenge to the

Board's discovery ruling is a subcomponent of its broader challenge to the Board's § 312(a)(2) determination and is therefore similarly unreviewable.

## II

Next, CyWee argues that we should terminate and dismiss the IPR proceedings with prejudice because the APJs who handled the IPR were appointed in violation of the Appointments Clause.

Because the APJs were constitutionally appointed as of the date this court issued *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), and because *Arthrex* issued before the final written decisions in this case, those decisions were not rendered by unconstitutional panels. *See, e.g.*, *Caterpillar Paving Prods. Inc. v. Wirtgen Am., Inc.*, 957 F.3d 1342, 1342–43 (Fed. Cir. 2020); *Document Sec. Sys., Inc. v. Nichia Corp.*, 813 F. App'x 599, 600 (Fed. Cir. 2020); *see also Arthrex*, 941 F.3d at 1340 (explaining that its holding extended to "cases where final written decisions were issued"). We therefore reject Cy-Wee's Appointments Clause challenge.

## III

Finally, CyWee contends that substantial evidence does not support the Board's conclusion that Bachmann is analogous art with respect to the '978 and '438 patents. We disagree.

The Board's conclusion stems from two key findings, both of which are supported by substantial evidence. First, the Board determined that "improving error compensation with an enhanced comparison method" was of "central importance" to the inventors. *'978 Decision*, at 58; *'438 Decision*, at 29. This finding is supported by substantial evidence, including the patents' specifications, CyWee's own characterization of the patents, and expert testimony. *See, e.g.*, *'978 Decision*, at 56–58; *'438 Decision*, at 28–29. Second, the Board found that Bachmann was reasonably

pertinent to this problem, as Bachmann "illustrates collection of data from the same kinds of sensors" and "correct[s] for the same kinds of errors that were of concern to the inventor[s]." *'978 Decision*, at 59; *'438 Decision*, at 31. This finding is also supported by substantial evidence. *See, e.g.*, *'978 Decision*, at 59–60; *'438 Decision*, at 31. Accordingly, substantial evidence supports the Board's conclusion that Bachmann is analogous art as it is "reasonably pertinent to the particular problem with which the inventor is involved." *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004).

CyWee counters that the Board's determination is inconsistent with its finding that the "field of 3D Pointing Devices presents distinct problems that technology such as that disclosed in [Bachmann] cannot address." Appellant's Br. 64–65 (quoting *'978 Decision*, at 54–55). But the Board made no such finding. Rather, the Board acknowledged that CyWee contended as much; the Board did not opine on whether that contention was correct. *'978 Decision*, at 54–55; *'438 Decision*, at 26. In any event, a reference need not be reasonably pertinent to every problem facing a field to be analogous prior art, but rather need only be "reasonably pertinent to one or more of the particular problems to which the claimed inventions relate." *Donner Tech., LLC v. Pro Stage Gear, LLC*, 979 F.3d 1353, 1361 (Fed. Cir. 2020).

CyWee also argues that Bachmann "does not even address . . . the [essential] problem of 'mapping' the orientation and movement of the 3D pointing device to a movement pattern on a 2D display." Appellant's Br. 72. But, as just stated, a reference need only be reasonably pertinent to "one or more of the particular problems to which the inventions relate," not to each and every problem facing the inventors. *See Donner*, 979 F.3d at 1359, 1361. Even if mapping is a "part of the relevant problem with which the inventors were involved," substantial evidence supports the Board's analogous art determination that error compensation was of "central importance" to the inventors,

and that Bachmann—which relates to error compensation—therefore "logically would have commended itself to the inventor's attention." *See '978 Decision*, at 59; *'438 Decision*, at 31. In fact, the Board went so far as to say that even if mapping was a part of the relevant problem, it was at most "a relatively *minor* part" of that problem. *See '978 Decision*, at 59; *see also '438 Decision*, at 30–31 (explaining that "mapping is not an essential part of the problem with which the inventors were involved").

Furthermore, CyWee identifies a number of purported differences between Bachmann and the challenged patents in an attempt to undermine the Board's analogous art determination. But "a reference can be analogous art with respect to a patent even if there are significant differences between the two references." *Donner*, 979 F.3d at 1361. "Indeed, there will frequently be significant differences between a patent and a reference from a different field of endeavor." *Id.* What matters is whether these differences support a determination that the reference is not reasonably pertinent to a problem to which the claimed inventions relate. *Id.* We have considered CyWee's arguments, and none of them disturbs our determination that substantial evidence supports the Board's conclusion that Bachmann is analogous art with respect to the challenged patents.

## CONCLUSION

We have considered CyWee's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the Board's determination that the challenged claims would have been obvious.

**AFFIRMED**