NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAEDALUS BLUE LLC,**
*Appellant*

**v.**

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-1313

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00831.

---

Decided:  March 13, 2024

---

KEVIN KENT MCNISH, McNish PLLC, Portland, ME, argued for appellant.  Also represented by DENISE MARIE DE MORY, Bunsow De Mory LLP, Redwood City, CA.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA,

argued for intervenor.  Also represented by FARHEENA YASMEEN RASHEED, MEREDITH HOPE SCHOENFELD.

————————————

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

Daedalus Blue LLC (Daedalus) appeals a Patent Trial and Appeal Board (Board) decision that determined claims 15–25 of U.S. Patent No. 8,671,132 ('132 patent) are unpatentable under 35 U.S.C. § 103 over combinations of Gelb,[1] Tivoli,[2] and Callaghan.[3]  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

Daedalus raises three arguments on appeal:  (1) the Board erred by not construing the claim term "plurality of clients" as "clients in a networked environment"; (2) Gelb is not analogous art because it is not in the same field of endeavor as the '132 patent; and (3) Gelb is not analogous art because it is not reasonably pertinent to the problems identified in the '132 patent.  Because substantial evidence supports the Board's finding that Gelb is analogous art, we *affirm*.

Claim 15 is representative for purposes of this appeal and recites:

15.  A method for handling files within a policy-based data management system, the method comprising:

————————————

[1]    U.S. Patent No. 5,018,060, J.A. 1500–15.

[2]    Roland Leins, *Tivoli Storage Manager: A Technical Introduction* (2d ed. 2001), J.A. 1516–45.

[3]    Brent    Callaghan,    *NFS    Illustrated*    (2000), J.A. 1546–57.

> providing a policy set comprising at least one service class rule;
>
> receiving one or more attributes of a file from one of a *plurality of clients*, the clients comprising at least two different computing platforms;
>
> applying the service class rule to the file to assign a service class to the file; and
>
> conducting operations on the file in a manner according to the service class.

'132 patent at claim 15 (emphasis added).

We begin with Daedalus's not-reasonably-pertinent argument. The Board agreed with Daedalus that one problem identified in the '132 patent is "'not permit[ting] a user to automatically select between multiple storage options' and not addressing '[files] with varying storage or performance requirements or equipment with varying capacities and performance levels.'" J.A. 22 (first alteration in original) (first quoting '132 patent col. 1 l. 47 – col. 2 l. 3; and then quoting J.A. 573). Relying in part on Gelb's specification, the Board reasonably found that Gelb addresses the same problem: "namely that prior art storage access methods did not permit programmers to write code that would allow users to automatically select the appropriate storage devices based on 'high or logical level' concepts, such as 'data sets, data bases and the like.'" J.A. 22 (quoting J.A. 645); *see also* J.A. 1504 col. 1 ll. 33–37, 60–65, col. 2 ll. 19–21; J.A. 1512 col. 18 ll. 23–27. Substantial evidence therefore supports the Board's finding that Gelb would be reasonably pertinent to at least one problem identified in the '132 patent.

Because the Board's reasonable-pertinence finding is supported by substantial evidence, we need not address Daedalus's other arguments. Even if Daedalus's claim-construction argument were correct, that construction would not undermine the Board's factual findings for reasonable

pertinence, as the identified problem is agnostic to whether the clients are in a networked environment. As to Daedalus's field-of-endeavor argument, the Board's reasonable-pertinence finding was sufficient for Gelb to be analogous art. *See Donner Tech., LLC v. Pro Stage Gear, LLC*, 979 F.3d 1353, 1359 (Fed. Cir. 2020) (explaining that a reference is analogous art if it is *either* in the same "field of endeavor" *or* "reasonably pertinent to the particular problem with which the inventor is involved" (quoting *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004))).

We have considered Daedalus's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**